**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          jsmith@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ROBERTS, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| SAFEWAY, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Patrick Roberts, individually and on behalf of all others similarly situated, alleges the following on information and belief, except that allegations as to Mr. Roberts' own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. Defendant Safeway, Inc. ("Defendant" or "Safeway") is one of the largest food and drug retailers in the country, and operates about 1,300 grocery stores in the United States. Many of those stores provide pharmacy services at in-store pharmacies. Safeway sends automated calls using an artificial or prerecorded voice ("robocalls") to contact people on their cellular telephones regarding prescription notifications. Safeway also sends text messages for prescription notifications.

2. Recognizing that health care-related robocalls and text messages can be just as much a nuisance as any other unwanted call, in 2015, the Federal Communications Commission ("FCC") imposed strict rules governing such calls and text messages to ensure that companies deploy them responsibly. As with all automated calls to cellular phones, health care-related calls or text messages must provide an easy way for recipients to opt-out of future calls. Specifically, calls using an artificial or prerecorded voice must have an automated interactive voice and/or key press activated opt-out mechanism that enables the call recipient to make an opt-out request prior to terminating the call. The calls also must identify a toll-free number that the consumer can call to opt-out of future calls. Text messages must inform recipients of the ability to opt-out by replying "STOP." In addition, companies that use robocalls or text messaging must promptly honor requests from call recipients to stop calling or sending them text messages. Violations of these restrictions are violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (hereinafter "TCPA").

3. Plaintiff Patrick Roberts is not a Safeway customer and never wanted Safeway to call him on his cellular telephone. Nonetheless, in 2016, Safeway and/or its agents repeatedly transmitted robocalls to Mr. Roberts' cellular telephone. The robocalls did not have the required opt-out mechanisms. Safeway also sent Mr. Roberts an unsolicited text message asking him if he

would prefer receiving text messages instead of robocalls. The text message did not give Mr. Roberts an option to discontinue future text messages or robocalls.

4. Mr. Roberts contacted Safeway several times to complain about the robocalls and ask that Safeway stop calling him. When Mr. Roberts called, Safeway representatives told him that there was nothing they could do for him unless he could identify a Safeway pharmacy account number purportedly associated with his phone number. Mr. Roberts, however, did not have a Safeway pharmacy account. Caught in Safeway's bureaucratic catch-22, Mr. Roberts continued to receive robocalls despite his complaints.

5. Safeway sent a robocall to Mr. Roberts again in January 2017—even after Safeway had retained counsel to respond to Mr. Roberts' complaints.

6. This is not the first time that Safeway has been sued for violations of the TCPA arising from its use of robocalls.

**PARTIES**

7. Plaintiff Patrick Roberts is, and at all times mentioned herein was, a resident of Vallejo, California and a citizen of the State of California.

8. Safeway is a Delaware corporation that maintains its headquarters at 5918 Stoneridge Mall Road, Pleasanton, CA, 94588.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

10. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

11. Venue is proper in this Court under 28 U.S.C. § 1391 because Safeway resides in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.** **Safeway's Calls to Mr. Roberts**

12. Between July and December 2016, Safeway and/or its agents called Mr. Roberts' cellular telephone at least nine times using an artificial or prerecorded voice ("the robocalls"). Mr. Roberts never consented in writing, or otherwise, to receive robocalls or text messages from Safeway.

13. Each of the robocalls in 2016 came from the number 707-554-6908, and stated that Safeway had a prescription ready to pick up.

14. None of the robocalls provided an option to opt-out of further calls.

15. Mr. Roberts contacted Safeway shortly after receiving the first robocall to complain, and called again several times afterwards, but the robocalls continued.

16. Mr. Roberts also tried to block Safeway's robocalls, but they somehow continued to get through to his cellphone.

17. In addition, on October 10, 2016, Mr. Roberts (whose first name is Patrick) received a text message from Safeway stating the following:

> SafewayRx:  RICHARD, would you like text msgs about your prescriptions & health instead of automated calls? Terms@http://mrx.bz/swt apply
> Reply with Y

18. The text message did not provide an option to discontinue further text messages or robocalls from Safeway. Mr. Roberts nonetheless tried replying to the text message with the word "stop," hoping that doing so would prevent future robocalls, but it did not.

19. Finally, on January 19, 2017, Mr. Roberts received a Safeway robocall from the number 303-781-7187. Safeway sent this robocall after receiving a letter from Mr. Roberts' counsel threatening a lawsuit, and after Safeway had retained an attorney to respond to that letter.

CLASS ACTION COMPLAINT                                                                                                          3

20. Safeway's robocalls and texts to Mr. Roberts, individually and in the aggregate, were a nuisance, aggravation, invasion of privacy, wasted Mr. Roberts' time, consumed cell phone capacity, and violated his statutory rights.

**B.     Safeway's Calls Violate the TCPA.**

21. In 1991, Congress enacted the TCPA to ensure that businesses that make automated calls do so responsibly and in a manner that does not cause a nuisance and invasion of privacy.

22. Among other things, the TCPA regulates calls to cellular phones using an "artificial or prerecorded voice." The TCPA also regulates text messages to cellular phones.

23. In *In the Matter of Rules & Regs. Implementing the TCPA*, 30 F.C.C. Rcd. 7961 (July 10, 2015) (the "2015 Order"), the FCC determined that certain automated calls might not violate the TCPA if they were made for a "healthcare treatment purpose." However, the FCC made clear that robocalls made for healthcare treatment purposes fall outside the ambit of the TCPA "only if . . . the healthcare provider complies with the enumerated conditions" set forth by the FCC. *Id.* at ¶ 148 (emphasis added).

24. Among other things, to comply with the TCPA, robocalls made for a healthcare treatment purpose "must offer recipients within each message an easy means to opt out of future such messages," including (1) "an automated interactive voice and/or key press activated opt-out mechanism that enables the call recipient to make an opt-out request prior to terminating the call;" and (2) the identification of "a toll-free number that the consumer can call to opt-out of future healthcare calls." *Id.*

25. "Text messages must inform recipients of the ability to opt-out by replying 'STOP,' which will be the exclusive means by which consumers may opt-out of such messages." *Id.*

26. Federal regulations governing robocalls likewise require opt-out mechanisms, irrespective of whether a call is made for a health care treatment purpose or whether the recipient consented to receive the calls.

27. None of Safeway's calls to Mr. Roberts in 2016, including the text message, had an opt-out option.

28. In order to avoid liability under the TCPA for calls made for a "healthcare treatment purpose," callers also must honor the opt-out requests immediately. Safeway does not immediately honor requests to discontinue its calls.

## CLASS ACTION ALLEGATIONS

29. Mr. Roberts brings this action on behalf of himself and on behalf of all other persons similarly situated.

30. Mr. Roberts proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons in the United States who received an artificial or prerecorded voice call from Safeway that did not include an opt-out mechanism. The class period begins four years before the filing of the complaint in this action to the date class notice is disseminated.

31. Collectively, all these persons will be referred to as the "Robocall Class." Mr. Roberts represents and is a member of this proposed class. Excluded from the Robocall Class are Safeway and any entities in which Safeway has a controlling interest, Safeway's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staff and immediate families.

32. Mr. Roberts also proposes the following Text Messaging Class definition, subject to amendment as appropriate:

> All persons in the United States who received a text message from Safeway that did not inform recipients of the ability to opt out by replying "STOP." The class period begins four years before the filing of the complaint in this action to the date class notice is disseminated.

33. Collectively, all these persons will be referred to as the "Text Messaging Class." Mr. Roberts represents and is a member of this proposed class. Excluded from the Text Messaging Class are Safeway and any entities in which Safeway has a controlling interest, Safeway's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staff and immediate families.

34. Mr. Roberts further proposes the following Internal Do-Not-Call List ("IDNCL") Class definition, subject to amendment as appropriate:

> All persons in the United States who received an artificial or prerecorded voice call or a text message from Safeway after notifying Safeway that he or she did not wish to receive any calls or text messages from Safeway. The class period begins four years before the filing of the complaint in this action to the date class notice is disseminated.

35. Collectively, all these persons will be referred to as the "IDNCL Class." Mr. Roberts represents and is a member of this proposed class. Excluded from the IDNCL Class are Safeway and any entities in which Safeway has a controlling interest, Safeway's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staff and immediate families.

36. Mr. Roberts does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Safeway's business that the classes are so numerous that individual joinder would be impracticable.

37. Mr. Roberts and all members of the proposed classes have been harmed by the acts of Safeway in the form of the aggravation, nuisance, invasion of privacy, and trespass of property that necessarily accompanies the receipt of unsolicited and harassing telephone calls and text messages, and violations of their statutory rights.

38. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Safeway.

39. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

  a. Whether Safeway made telephone calls to class members using an artificial or prerecorded voice without the required opt-out mechanisms;

  b. Whether Safeway's conduct was knowing and/or willful;

  c. Whether Safeway is liable for statutory damages, and the amount of such damages; and

  d. Whether Safeway should be enjoined from engaging in such conduct in the future.

CLASS ACTION COMPLAINT    6

40. As a person who received text messages or calls on his telephone using an artificial or prerecorded voice without the required opt-out mechanisms, Mr. Roberts asserts claims that are typical of each member of the classes. Mr. Roberts will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

41. Mr. Roberts has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

42. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Safeway to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Safeway is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

43. Safeway has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief with respect to the proposed classes appropriate. Moreover, on information and belief, Mr. Roberts alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

44. Mr. Roberts incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Safeway constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited

provisions of 47 U.S.C. § 227 *et seq.*, 47 C.F.R. 6.1200(b)(3) and 16 C.F.R. 310.4(b)(1)(v)(B)(ii)(A).

46. As a result of Safeway's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Mr. Roberts and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

47. Mr. Roberts and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Safeway in the future.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

48. Mr. Roberts incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

49. The foregoing acts and omissions of Safeway constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*, 47 C.F.R. 6.1200(b)(3) and 16 C.F.R. 310.4(b)(1)(v)(B)(ii)(A).

50. As a result of Safeway's violations of 47 U.S.C. § 227 *et seq.*, Mr. Roberts and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Mr. Roberts and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Safeway in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Safeway:

   a. Injunctive relief prohibiting such violations of the TCPA by Safeway in the future;
   b. Because of Safeway's willful and/or knowing violations of the TCPA, Mr. Roberts seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

CLASS ACTION COMPLAINT                                                                                      8

  c. Because of Safeway's violations of the TCPA, Mr. Roberts seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

  d. An award of attorneys' fees and costs to counsel for Mr. Roberts and the proposed classes, as may be permitted by any applicable statute, rule or order.

  e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Mr. Roberts is a proper representative of the classes, and appointing the lawyers and law firm representing Mr. Roberts as counsel for the classes;

  f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Roberts demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 24, 2017    Respectfully submitted,

            **BURSOR & FISHER, P.A.**

            By: */s/ Joel D. Smith*
               Joel D. Smith

            L. Timothy Fisher (State Bar No. 191626)
            Joel D. Smith (State Bar No. 244902)
            Yeremey O. Krivoshey (State Bar No. 295032)
            1990 North California Blvd., Suite 940
            Walnut Creek, CA  94596
            Telephone: (925) 300-4455
            Email: ltfisher@bursor.com
                jsmith@bursor.com
                ykrivoshey@bursor.com

            *Attorneys for Plaintiff*